IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT J. HILDENSTEIN, SR.,

    Petitioner,

vs.                                             Civil No.  13-cv-1216-DRH-CJP

DONALD ENLOE, Acting Warden of
Dixon Correctional Center,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Robert J. Hildenstein, Sr., pleaded guilty to one count of first degree murder in the Circuit Court of Madison County, Illinois, in January 2004. Pursuant to a plea agreement, he was sentenced to twenty years imprisonment. He was not, however, informed at or before sentencing that he was also subject to a three year term of mandatory supervised release ("MSR").

In October 2013, Hildenstein filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, raising the following grounds:

1. The term of supervised release was added to petitioner's sentence by the Illinois Department of Corrections, which violated due process.

2. Because petitioner did not receive the benefit of the bargain of his plea agreement, he should have been allowed to withdraw his guilty plea.  The state court incorrectly dismissed his petition based on the erroneous belief that the Prisoner Review Board's order striking the term of supervised release is valid and enforceable.

## Relevant Facts and Procedural History

Pursuant to plea negotiations, petitioner pleaded guilty to one count of first

degree murder arising out of the murder of his wife. A combined change of plea and sentencing hearing was held on January 20, 2004. At that hearing, the judge did not inform him that his sentence would include a three year term of mandatory supervised release. Doc. 20, Ex. 3, pp. 12-26.[1]

Petitioner did not move to withdraw his plea or file a direct appeal. Doc. 19, p. 2.

In July 2004, Hildenstein filed a postconviction petition under 725 ILCS 5/122-1, *et seq.*, arguing that trial counsel was ineffective and that his plea was not knowing and voluntary because he was taking Wellbutrin for depression. No issue was raised as to the MSR term. Ex. 1, pp. 2-9.

Hildenstein's appeal from the dismissal of the petition was denied on July 14, 2005. Ex. 1, pp. 13-21. He did not file a petition for leave to appeal. Doc. 19, p. 2.

In August 2006, petitioner filed a petition for leave to file a successive postconviction petition. He argued that the failure to admonish him regarding the three year term of MSR violated his due process rights and constituted a breach of the plea agreement. He stated that he had learned of the term of MSR when an inmate paralegal informed him of it. Ex. 1, pp. 22-28.

It does not appear that the circuit court explicitly granted Hildenstein leave to file a successive petition, but he was permitted to proceed and counsel was appointed. Counsel filed an amended petition alleging that, in addition to the

---

[1] The Court refers to the document, exhibit and page numbers assigned by the CM/ECF system. Unless otherwise indicated, the documents referred to are attached to Doc. 20.

MSR issue, Hildenstein had a valid defense of involuntary intoxication. Ex. 2, pp. 1-2.

On May 1, 2009, the Prison Review Board ordered that Hildenstein was "released and discharged from Mandatory Supervised Release as of June 4, 2022." June 4, 2022, is the date on which Hildenstein is due to be released from the IDOC. Ex. 3, p. 2.

The postconviction petition was denied on May 5, 2009. The Appellate Court affirmed on May 31, 2012. Ex. 2, pp. 3-11. Petitioner's motion for leave to file a late PLA was granted. Ex. 2, p. 52. The PLA was denied on September 25, 2013. Ex. 3, p. 1.

Hildenstein filed his §2254 petition in the Northern District of Illinois on October 21, 2013. District Judge Reinhard ordered him to show cause why the petition should not be dismissed as untimely. In response, petitioner alleged that he did not find out about the MSR term until July 2006, and that he filed his successive state postconviction petition the next month. (Doc. 5). Judge Reinhard then ruled that the order to show cause was discharged and transferred the case to the Southern District of Illinois. (Doc. 6).

## Law Applicable to Habeas Petition

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials'

and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). 28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases. " *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012), citing *Williams v. Taylor*, 120 S. Ct. 1495 (2000). A state court decision is an "unreasonable application of" clearly established law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Ibid.*

Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an

error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct at 786–787. The Supreme Court has recently emphasized that the §2254(d) standard is "difficult to meet." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014), citing *Metrish v. Lancaster*, 133 S.Ct. 1781, 1786 (2013).

## Analysis

Respondent contends that Hildenstein's habeas petition is untimely because the one-year period for filing the petition lapsed before Hildenstein filed his successive state postconviction petition. See. 28 U.S.C. §2244(d). Petitioner asserts that he comes within §2244(d)(1)(D) because he was unable to discover the factual predicate of his claim, i.e., the existence of the MSR term, until it was pointed out to him by another inmate in July 2006.[2]

A habeas court may resolve a petition on the merits without first resolving issues of timeliness and procedural default. "It makes sense to tackle the merits first when they are easy and the limitations question hard, just as it makes sense (and is permissible) to reject a collateral attack on the merits while other procedural defenses, such as waiver, default, or lack of exhaustion, remain in the background. 28 U.S.C. § 2254(b)(2)." *Estremera v. U.S*., 724 F.3d 773, 775 (7th Cir. 2013). Here, resolution of the case on the merits is appropriate because it is clear that Hildenstein is not entitled to habeas relief.

---

[2] The written judgment did not contain any reference to supervised release. Ex. 1, p. 1. At the time petitioner's sentence was imposed, Illinois law did not require that the MSR term be included in the written judgment. See, *Villanueva v. Anglin*, 719 F.3d 769, 772, n. 1 (7th Cir. 2013).

Petitioner's first ground for habeas relief is that the term of supervised release was added to his sentence by the Illinois Department of Corrections, which violated due process. The Seventh Circuit rejected the identical argument in *Carroll v. Daugherty*, 764 F.3d 786 (7th Cir. 2014). Because the MSR term is mandated by statute, it is imposed by operation of law, and the sentencing judge had no discretion about it. The IDOC's administrative act of recognizing the MSR term that was imposed by operation of law does not make the sentence unlawful. *Carroll,* 764 F.3d at 788-789.

Petitioner's first ground can also be read broadly to assert that the failure to inform him of the MSR term is itself a violation of due process. However, the Supreme Court has never so held:

> There is no Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a plea of guilty. Quite the contrary, the Court has expressly declined to decide such an issue in the very similar context of parole. See *Lane v. Williams*, 455 U.S. 624, 630 n. 9, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982) ("We do not decide whether, to establish such a constitutional violation, respondents must claim that they in fact did not know of the parole requirement at the time they pleaded guilty or that they would not have pleaded guilty had they known of this consequence.").

*Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006).

In order to prevail on a claim that was adjudicated by the state court, petitioner must show that the state court's decision was contrary to or unreasonably applied federal law "as determined by the Supreme Court of the United States." See, *Lopez v. Smith,* 135 S. Ct. 1, 2 (2014) and *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013), emphasizing that the enquiry under

§2254(d)(1) concerns federal law *as determined by the Supreme Court*. Because there was no Supreme Court case holding that the failure to advise a defendant of a term of MSR violates due process, petitioner cannot show that the state court's holding to the contrary in his case was an incorrect or unreasonable application of federal law.

Petitioner's second ground is a "benefit of the bargain" claim pursuant to *Santobello v. New York*, 92 S.Ct. 495 (1971). He argues that *Santobello* entitles him to withdraw his plea. Withdrawal of the plea is the relief that he is really after here, as he believes that he can mount a successful defense of involuntary intoxication at a retrial. See, Doc. 21, pp. 5-6.

The state court did not adjudicate petitioner's *Santobello* claim on the merits. Rather, it held that *People v. Whitfield*, 840 N.E.2d 658 (Ill. 2005), which held that a failure to admonish regarding a term of MSR violates due process, does not apply retroactively, citing *People v. Morris*, 925 N.E.2d 1069 (Ill. 2010). The court noted that Hildenstein also raised a *Santobello* claim but held that a *Santobello* claim under these facts must also rely on *Whitfield*, and *Whitfield* is not retroactive. Ex. 2, pp. 8-10. The state court did not separately analyze the *Santobello* claim, although *Santobello* long predated petitioner's conviction.

Any claim that the state court was wrong in holding that *Whitfield* does not apply retroactively is not cognizable here. "States are free to choose whether a change in state law is retroactive without running afoul of the federal Constitution." *Gladney v. Pollard*, 799 F.3d 889, 897-98 (7th Cir. 2015).

Petitioner's *Santobello* claim is doomed by *Villanueva v. Anglin*, 719 F.3d 769 (7th Cir. 2013). There, as here, the state court held that *Whitfield* did not apply retroactively, and did not separately analyze the merits of the petitioner's *Santobello* claim. Because the state did not decide the merits of the *Santobello* claim, AEDPA deference did not apply and the habeas court was free to decide the issue *de novo*. *Villanueva*, 719 F. 3d at 777.

The Seventh Circuit explained that *Santobello* does not require "the prosecution to discuss all possible ramifications of a defendant's guilty plea. Rather, [it] prohibit[s] false representations and mandates compliance with promises made." *Villanueva*, 719 F. 3d at 777 (internal citation omitted). Therefore, to succeed on a *Santobello* claim, petitioner "must prove the government *also* promised that the MSR term would not attach." *Id.*, at 778 (emphasis in original).

*Santobello* does not entitle Hildenstein to any relief. Petitioner has never argued, in state court or here, that the government promised that he would not have to serve a term of MSR. His position has been the opposite, that no one mentioned MSR at all. Under those circumstances, he cannot make a successful *Santobello* benefit of the bargain claim.

Lastly, in his reply, petitioner argues that he is actually innocent and invokes *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). He does not deny that he killed his wife, but asserts only that he could mount a successful involuntary intoxication defense.

*McQuiggin* requires that the petitioner's claim of actual innocence meet the "demanding" *Schlup* standard. "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928, citing *Schlup*, 115 S. Ct. 851, 868 (1995). Here, it is not necessary to decide whether petitioner's claim meets the *Schlup* standard because, even if it does, *McQuiggin* does not afford him any relief.

The Supreme Court has not held that a free-standing claim of actual innocence presents grounds for habeas relief. *McQuiggin v. Perkins*, 133 S. Ct. at 1931, citing *Herrera v. Collins*, 113 S. Ct. 853, 860 (1993). Rather, a *Schlup* claim of actual innocence serves as a gateway to permit consideration of otherwise defaulted constitutional claims. *McQuiggin*, 133 S. Ct. at 1928. This Court has considered petitioner's arguments for habeas relief and has rejected them on the merits, so *McQuiggin* has no application here.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is rejected on the merits, a certificate of appealability may issue only where the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014), quoting *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-1604 (2000).

Here, no reasonable jurist would find it debatable whether Hildenstein is entitled to habeas relief under 28 U.S.C. §2254. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Robert J. Hildenstein, Sr.'s petition for habeas relief under 28 U.S.C. §2254 **(Doc. 1)** is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**Signed this 14th day of March, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.03.14 17:11:24 -05'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.